No. 2945. STATE *v.* LEVELLE. April Term, 1892. This was a motion to dismiss an appeal. The defendant was convicted of murder in June, 1890, and sentenced to be hanged. From this judgment of the Circuit Court defendant appealed, but on such appeal the judgment of the Circuit Court was affirmed, and the case "remanded to that court for the purpose of having a new day assigned for the execution of the sentence heretofore imposed." See 34 S. C., 120. The case having been remitted to the Circuit Court, the judge thereof (WITHERSPOON) named a new day by an order which. in form, was a resentence. Defendant gave notice of appeal on the two grounds below stated, and the respondent thereupon moved to dismiss the appeal on the following grounds : (1) That said appeal is taken from an order which merely carried out a previous judgment of the Circuit Court and the mandate of the Supreme Court, which order is,

therefore, not appealable ; (2) that the sole ground on which this appeal is taken, has been already decided by the Supreme Court adversely to the appellant.

*Jervey*, solicitor, for the motion.  *C. S. Bissell*, contra.

In delivering its judgment, the court said : It does not appear from the papers presented that any notice of appeal was given, and hence there is nothing, so far as the papers before the court show, to base the motion upon ; but owing to the gravity of the case, and the fact that the life of defendant is involved, the court has examined the return and we find that notice of appeal was given by the defendant.

The appeal presents two grounds, to wit : 1st. Because his honor erred in refusing the motion in arrest of judgment.  2d. That the presiding judge should have held, upon said motion, that the judgment of the Supreme Court having been rendered on the 17th June, 1891, in open court, the court itself being illegal, any business done by said court was illegal, and the appeal of Levelle is, therefore, still pending in the Supreme Court.

It no where appears that any motion in arrest of judgment was made, and hence the first ground need not be considered.

It does not appear that the judgment and opinion of this court was rendered during the session of the court, as alleged in the second ground.  Assuming that the judgment was filed as alleged, that is no valid ground of appeal.  The fact is nine-tenths of the judgments and opinions of this court are filed when the court is not in session.  There is nothing in this ground.  The decision in the cases of *State* v. *Merriman* and *State* v. *James*, 34 S. C., 576 and 579, is conclusive of the ground which we suppose the appellant would urge.  The motion is not obnoxious to rule 19 of this court.  Such motions can be heard at any time.

An order of the court below conforming to the directions contained in the judgment of the Supreme Court formally rendered is not appealable.  The duty of assigning a new day for the execution of the sentence before imposed is a mere matter of discretion with the Circuit Judge, and is not appealable.

The following order was thereupon granted April 27, 1892,

Per Curiam.  On hearing the motion for dismissal of the appeal in this case, ordered, that the appeal be dismissed, and

that the case be remanded to the Circuit Court, and that the Circuit Judge set another day for the execution of the sentence, in accordance with the judgment of this court heretofore rendered.