## CHITTY v. PENNSYLVANIA RY. CO.

1. ATTACHMENT—AFFIDAVIT—RAILROADS.—In an affidavit to obtain a warrant of attachment, statement that the property damaged was received by railroad company for shipment as affiant's property; that defendant is a connecting line with the receiving road, and in the caption that defendant is a common carrier, makes out *prima facie* case that affiant owned the property shipped; that defendant is liable as a connecting line under Rev. Stats. 1720, and the inferential fact that defendant is a common carrier.

2. PLEADINGS—IBID.—ATTACHMENT.—In an affidavit to obtain a warrant of attachment in a suit for damages to property, it is not necessary to state value of property, but amount of damages is sufficient.

3. ATTACHMENT—RAILROADS—INTERSTATE COMMERCE.—Is a car of a foreign railroad corporation found on a railroad in this State, such property of a foreign corporation as may be attached here, and is such attachment in violation of interstate commerce regulations?

4. IBID.—JURISDICTION.—By attachment of property of a foreign corporation, the Court acquires jurisdiction of the property.

5. IBID.—AFFIDAVIT for attachment here held sufficient to sustain attachment, and there is nothing to show that the Judge referred to complaint for facts upon which to sustain it.

6. IBID.—DAMAGES—TORT.—A warrant of attachment may issue in this State in an action for unliquidated damages sounding in tort.

Before BUCHANAN, J., Bamberg, April, 1901. Affirmed.

Action by F. W. Chitty *vs.* Pennsylvania Ry. Co. From order refusing to dissolve attachment defendant appeals.

*Mr. Laurie T. Izlar,* for appellant, cites: *Affidavit does not state a cause of action:* 33 S. C., 353; 27 S. C., 130; 32 S. C., 157; 31 S. C., 307. *On motion to dissolve, Judge can only consider matters before the clerk:* 24 S. C., 119; 31 S. C., 46. *Attachment will not lie here for unliquidated damages for breach of contract:* 1 Ency., 896; 24 S. C., 596; 31 S. C., 301; 27 S. C., 129; 2 Wait's Pr., 145. *Waples on Attachment,* 112, 114. *Shinn on Attachment,* secs. 127, 132, 133, 142. *Property attached is not such as is contemplated by the Code:* Code, 156; 1 Ency.,

916. *Breach of contract occurred in Pennsylvania, and Court has no jurisdiction of subject of action:* 13 S. C., 443; 17 S. C., 406.

*Mr. Jno. R. Bellinger,* contra (oral argument).

February 25, 1902. The opinion of the Court was delivered by

Mr. Justice Gary. The record contains the following statement of facts: "This was a motion to dissolve an attachment, the warrant for which was issued by the clerk of the Court of Common Pleas for the said State and county, on the 1st day of March, 1901. The summons, affidavit and the bond were filed with the clerk of said Court on the first day of March, 1901, and the complaint in the action was filed on the 20th day of March, 1901. The complaint, affidavit, bond and warrant of attachment, with the indorsement upon each, are fully set out in the "Case." It is admitted that application and order for publication of summons were duly made and summons published. The motion was heard at the April, 1901, term of the said Court by his Honor, Judge Buchanan, upon the above mentioned papers and the indorsements thereon, who took the papers, and on the 19th day of April, 1901, filed his order refusing to dissolve the attachment. It is admitted that the questions involving the character of the property attached, under the interstate commerce law and the jurisdiction of the Court, were made at the hearing before Judge Buchanan. No notice in writing has ever been served upon the defendant's counsel of the filing of the said order, but on the 31st day of May, 1901, defendant's counsel served upon the plaintiff's counsel a notice of intention to appeal from said order to the Supreme Court, and time for service of the proposed case was extended indefinitely, by the plaintiff's counsel."

The plaintiff's affidavit was as follows: "F. W. Chitty, the plaintiff above named, being duly sworn, says:

"I. That on or about ___ day of ___ 1899, he shipped

from Olar, in said State and county, nine cars of melons, consigned to Phillips & Sons, New York. That said cars of melons were received from him by the Florida Central and Peninsular Railway as his property and were forwarded and delivered to the defendant at the point of connection with its line in a reasonable time after shipment, but that said defendant neglected to transfer and deliver said melons to said Phillips & Sons at New York, the point of destination, for a very unreasonable time, to wit: for fourteen days; by reason whereof many of the said melons were spoiled and became and were a total loss to plaintiff, and the whole were worth much less than they would have been had they been delivered at the proper time, to his damage $603, and deponent believes he is justly entitled to recover said sum.

"II. That the defendant is a foreign corporation, duly created according to the law, with its principal place of business or office in Philadelphia, in the State of Pennsylvania, as he is informed.

"III. That defendant has property in this State at Govans, consisting of a box freight car.

"IV. That plaintiff is a resident of this State, to wit: of the town of Olar, in Bamberg County aforesaid.

"V. That the subject of this action is likewise in this said county of Bamberg."

The defendant made a motion to set aside the attachment on the following grounds:

"That the said attachment was improvidently and irregularly issued, as appears upon the face of the proceedings had in said action, in that: I. It is not stated in the affidavit that the plaintiff was the owner of the melons at the time of the shipment thereof. II. It is not stated in the affidavit what the value of the melons was, or that they were of any value whatsoever. III. It is not stated in the affidavit that the Pennsylvania Railroad Company was under any contractual obligation to receive and transport promptly and deliver the melons, or even that it is a common carrier. IV. It is stated that the melons were delivered to the Florida Central and

Peninsular Railroad Company, but it is not stated that that company had any power or authority to contract for the Pennsylvania Railroad Company or to bind it by any contract it might make for the transportation of the melons. V. That the attachment bond is not executed as required by law, the sureties thereon not having justified and the bond probated—conditions precedent to the legal filing of the same."

His Honor, the Circuit Judge, signed the following order: "After hearing argument and pleadings and matters called to the attention of the Court, it is ordered, that the motion to set aside the attachment be and the same is overruled and refused."

The first exception of the appellant is as follows: "1st. That his Honor erred, it is respectfully submitted, in holding that the affidavit stated facts sufficient to show a cause of action in favor of the plaintiff and against the defendant, and to authorize the clerk to issue a warrant of attachment; whereas, he should have held that the said affidavit was defective in (a) That it is not stated in the affidavit that the plaintiff was the owner of the melons at the time of the shipment. (b) That it is not stated in the affidavit what the value of the melons was, or that they were of any value whatsoever. (c) That it is not stated in the affidavit that the Pennsylvania Railroad Company was under any contractual obligation to receive and transport promptly and deliver the said melons; or that even it is a common carrier. (d) That it is not stated in the affidavit that the Florida Central and Peninsular Railroad Company, to which it is stated that the melons were delivered, had any power or authority to contract for the Pennsylvania Railroad Company or to bind it by any contracts it might make for the transportation of the melons."

"(a)" The plaintiff in his affidavit states that he shipped the melons; that they were received from him by the Florida Central and Peninsular Railway as his property, and were forwarded and delivered to the defendant at the

34—62

point of connection with its line. The rights of third parties are not involved, and the facts set forth in the affidavit are sufficient to show, at least *prima facie,* that the plaintiff was the owner of the melons at the time of shipment.

"(b)" Under the forms of pleading prevailing in this State before the adoption of the Code of Procedure it was necessary, in actions such as trover, and since the adoption of the Code it is still necessary, in actions for claim and delivery, to allege the value of the property. The reason is, that in such cases the value of the property enters into the cause of action as an essential element in determining the extent of the recovery. *Vance* v. *Vandercook Co.,* 18 Sup. Ct. R., 645. But in actions for damages, the extent of the recovery is not dependent upon the value of the property, but upon the amount of injury sustained, which must be alleged. In this case the plaintiff alleges that he was damaged in the sum of $603. The reason of the rule, as stated in Gould's Pleading, ch. IV., sec. 37, is: "Because it is incumbent on a plaintiff claiming damages to show in his declaration the *amount* of the damages which, according to his own statement of the case, he has sustained; and to this end, he is required to allege the *value,* or what he claims to be the value, of the property converted, destroyed or otherwise injured, and thus to furnish (according to his own showing) a *prima facie rule* of damages."

"(c)" The contention that it does not appear from the affidavit that the defendant is a common carrier, cannot be sustained. The affidavit in the caption shows that the defendant is sued as a railroad company, and it further appears that it is a connecting line with the Florida Central and Peninsular Railway; it is likewise alleged that it is a foreign corporation. The defendant does not deny that it is a common carrier. Under these circumstances, it is reasonable to be inferred that it is a common carrier. While it is true there was no express agreement

between the plaintiff and defendant for the transportation of the melons, nevertheless it became liable as a connecting line, by virtue of the provisions of sec. 1720, Revised Statutes of 1893, which is as follows: "In case of the loss or damage to any article or articles delivered to any railroad corporation for transportation over its own and connecting roads, the initial corporation, or corporation first receiving the same, shall, in every case, be liable for such loss or damage, but may discharge itself from such liability by the production of a receipt in writing for the said article or articles from the corporation to whom it was its duty to deliver such article or articles in the regular course of transportation. In such event, the said connecting road or roads shall be severally so liable, but may in succession and in like manner discharge themselves respectively therefrom; but if any such corporation shall wilfully fail or refuse, upon reasonable demand being made to it by any party interested in the production of such receipt, to produce the same, then it shall not be entitled to claim the benefit of such exemption in any action against the said railroad corporation to render it liable for such loss or damage."

"(d)" This subdivision is disposed of by what was said in considering "(c)."

The second exception is as follows: "2d. That his Honor erred in holding that rolling stock such as cars belonging to a foreign corporation, coming into and passing out of the State in the usual course of commerce, is such property as is contemplated by the Code in the language, 'has property within the State.'" The record does not show that the cars were "coming into and passing out of the State in the usual course of commerce," nor that his Honor based his ruling upon such fact. Sec. 1722 of the Revised Statutes shows that under certain circumstances, the cars of a railroad company are subject to attachment. That section is as follows: "Whenever railroad cars and engines are in use on railroads and making regular passage thereon, they shall not be attached upon

mesne process in any suit within forty-eight hours previous to their fixed time of departure, unless the officer making such attachment shall have first demanded of the owners or managers of such engines or cars, or any of the agents of such railroad, other property equal in value to the *ad damnum* in the writ upon which to make such attachment, and such owners or managers shall have refused or neglected to comply with said demand. And any officer making such attachment shall, on his return upon the process upon which it is made, certify that he has made such demand for such other property and that such demand has been refused or neglected, otherwise such attachment shall be wholly void." It does not appear from the record that there was a violation of this section.

The third exception is as follows: "3d. That his Honor erred in holding that in attaching such property it was not a violation of the act of Congress regulating interstate commerce." Waiving the objection that this exception is too general, it nevertheless cannot be sustained, as it is based upon facts which we have shown do not appear in the record.

The fourth exception is as follows: "4th. That his Honor erred in holding that the Court of Common Pleas had acquired jurisdiction of the defendant in this action, when it appears that the defendant is a foreign corporation and has no such property as is contemplated by the Code, and the Court has no jurisdiction of the subject of the action." His Honor did not rule that the Court had acquired jurisdiction of the defendant, but of the property attached, which we have shown was subject to attachment.

The fifth exception is as follows: "5th. That his Honor erred in considering the allegations in the complaint in reaching his conclusion, when it appears by the indorsement on the complaint that it was not filed with the clerk until after the attachment had been issued." A complaint cannot be considered upon an application for an attachment unless it was duly verified, attached to the affidavit and therein referred to as a part thereof. *Addison* v. *Su-*

*jette,* 50 S. C., 192. It is presumed until the contrary is made to appear that the Circuit Judge reached his conclusion from such evidence as was properly before him for consideration. It does not appear from the record that he considered the allegations of the complaint in reaching his conclusion, nor was it necessary for him to do so, as the affidavit was sufficient to sustain the attachment.

The sixth exception is as follows: "6th. That his Honor erred in holding that a warrant of attachment may issue in this State in an action for unliquidated damages sounding in tort." This was not one of the grounds upon which the appellant made the motion to vacate the attachment, and is not, therefore, properly before this Court for consideration. But waiving this objection, we are clearly of the opinion that this case is covered by the provision of sec. 248 of the Code.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.