RAGSDALE v. SOUTHERN RY.

1. PRINCIPAL AND AGENT—EVIDENCE—LETTER.—After proof of agency letter signed by the agent as such may be admitted .as evidence against the principal.

2. EVIDENCE—REFRESHING MEMORY.—Where a witness relies solely upon a paper or testifies only as to facts he finds stated therein, the paper used to refresh memory must be an original made by himself at the time of the transaction.

3. IBID.—TELEGRAMS—PRINCIPAL AND AGENT—PAROL.—Contents of telegrams between two agents of a railroad company in reference to a matter in controversy may be proved by parol by one of them against the company.

4. PRINCIPAL is bound by declarations of agent made within the scope of his employment.

5. EVIDENCE.—Admission of evidence purely cumulative or irrelevant which could result in no real disadvantage to appellant is harmless error.

6. EXCEPTIONS.—FACTS stated in exceptions alone will not be considered.

Before WATTS, J., Fairfield, October, 1904.    Affirmed.

Action by Jno. K. Ragsdale against Southern Railway. From judgment on Circuit affirming magistrate judgment, defendant appeals.

*Mr. R. H. Welch,* for appellant, cites: *As to refreshing memory of witness:* 14 S. C., 450.

*Messrs. Ragsdale & Dixon,* contra, cite: *Declarations of agent within scope of authority admissible against principal:* 1 Speer, 24; 27 S. C., 63; 28 S. C., 157; 39 S. C., 441; 45 S. C., 183; 53 S. C., 449; 56 S. C., 144. *As to proof of loss of goods by carrier:* Jones on Ev., sec. 180; 2 Bail., 157, 421; 2 Rich., 286; 9 Rich., 205; 26 S. C., 258; 39 S. C., 55; 2 Ralp. & Mack. Dig., 116, 125. *As to refreshing memory of witness:* 14 S. C., 144; Jones on Ev., sec. 880; 41 S. C., 149.

July 11, 1905.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This is the second time this case has been before this Court. See 69 S. C., page 429. It comes before us now upon exceptions against the admissibility of certain testimony and in alleged charges of the magistrate which were sustained by the Circuit Judge. The plaintiff sued for the recovery of $75.78 for an alleged de-

ficiency of 10,050 pounds of cotton seed shipped by the plaintiff over defendant's railroad, on the 10th October, 1903.

After hearing testimony, the jury found a verdict against the defendant for $75.78. Thereupon the defendant appealed to the Circuit Court. After hearing the cause, the Circuit Judge overruled the exceptions and affirmed the judgment of the magistrate in every particular in a short order.

From this judgment of the Circuit Court the defendant appealed to this Court on the following grounds:

"I. Because the magistrate erred in allowing the plaintiff to introduce in evidence a letter from D. L. Bryan, signed agent, dated October 20th, 1903, and addressed to M. C. Robertson, manager, Columbia, S. C., on the ground that the same was incompetent, irrelevant and mere hearsay testimony.

"II. Because the magistrate erred in allowing the plaintiff to introduce in evidence a letter, signed M. C. Robertson, manager, dated October 20th, 1903, and addressed to D. L. Bryan, Esq., agent, Columbia, S. C., on the ground that this testimony was incompetent, irrelevant, and mere hearsay testimony.

"III. Because the magistrate erred in not allowing the witness, Mr. Cooper, to refresh his memory from the paper handed to him, and state whether or not, after being so refreshed, he could testify what his weight of cotton seed in question was, and in not permitting him after being so refreshed to testify what the weight of cotton seed was.

"IV. Because the magistrate erred in allowing the witness, Mr. McMeekin, to testify as to what Mr. Bryan, in Columbia, telegraphed to him about the consignee as named in the waybill covering the car of seed in question, and allowing the witness to testify as to what he telegraphed in reply to Mr. Bryan, on the ground that the consignee as named in the waybill was in writing, and on the further ground that such evidence was incompetent, irrelevant and hearsay.

"V. Because the magistrate erred in allowing the plaintiff to testify as to certain conversations that passed between him and Mr. McMeekin relative to this shipment of seed, the same being incompetent, irrelevant and hearsay testimony.

"VI. Because the magistrate erred in allowing the plaintiff to introduce in evidence a paper from the Southern Cotton Oil Company, which contained a statement purporting to show the settlement which it made with the plaintiff for the seed in question, the same being incompetent, irrelevant and mere hearsay testimony.

"VII. Because the magistrate erred in allowing the witness, Mr. Moss, to testify that he had heard that stealing had taken place from cars in the city of Columbia, the same being incompetent, irrelevant and hearsay.

"VIII. Because the magistrate in his charge to the jury erred in charging, 'That the plaintiff must prove his case by the preponderance of the testimony, and that the defendant must prove its case by the preponderance of the testimony,' the error being that the answer of the defendant was a general denial of plaintiff's complaint, and he was not required under the pleadings to prove his general denial by the preponderance of the testimony.

"IX. Because the magistrate erred in not charging the jury the law applicable to the case, he having charged no law whatever, except that the plaintiff must prove his case by a preponderance of the testimony, and the defendant must prove his by a preponderance of the testimony.

"X. Because the magistrate erred in refusing to charge the defendant's first request to charge, which was: 'There was no evidence in this case that any seed was lost out of this car by the Southern Railway Company.'

"XI. Because the magistrate erred in refusing to charge the defendant's third request to charge, which was as follows: 'There is no evidence in this case that the Southern Railway Company lost any of the cotton seed claimed to have been lost.' "

We will now pass upon these grounds of appeal.

We will consider first and second grounds together. When this Court reversed the judgment on the first trial it was in part because the agency of D. L. Bryan of the defendant, at Columbia, S. C., was not proved and, of course, any declarations of said D. L. Bryan could not be received. However, on the second trial the agency of D. L. Bryan was abundantly proved. So, also, the signature of M. C. Robertson was proved, and inasmuch as the weights of said cotton seed showing a net of 34,300 pounds was admitted by D. L. Bryan, as agent. was rendered competent as against the defendant. Thus showing a loss of 10,105 pounds of the cotton seed as shipped from Blair's station. This testimony was competent, and these two exceptions are, therefore, overruled.

We will next consider the third ground of appeal. The witness, Mr. Cooper, for the defendant, in his testimony stated that "I can't give the weights;" "I do not remember the weight of the cotton seed." When this witness was handed a copy of the case in the first appeal which was printed, he was asked to refresh his memory from that and then to testify as to such weights. This was objected to. In *Bank* v. *Zorn,* 14th S. C., 444, 450, the late Chief Justice Simpson said: "The rule upon this subject, in its broadest outline, embraces two classes of cases: First, where the witness, after referring to the paper, speaks from his own memory, and depends upon his own recollection as to the facts testified to; second, where he relies upon the paper and testifies only because he finds the facts contained therein. In the first class the paper is always permitted to be used by the witness without regard to when or by whom made. In the second class this rule of admission is much more stringent. In fact, it cannot be used unless it be an original paper made by the witness himself, and contemporaneously with the transaction referred to." It seems to us that this matter falls under the second class above referred to. It was not made by the witness himself, and,

therefore, could not be used by him. This exception is overruled.

In regard to the fourth ground of appeal, we hold that it was legitimate for Mr. McMeekin to give the testimony referred to. It had been proved that Mr. McMeekin was the agent of the defendant at Blair's station and had received as such agent the cotton seed in question, and, also, that Mr. Bryan was the agent of the defendant, and as such had weighed the cotton seed in question. It was, therefore, competent for Mr. McMeekin to testify what the correspondence was between these two agents of the defendant in this matter. This ground of appeal is, therefore, overruled.

We will next consider the fifth ground of appeal. We think the plaintiff's testimony as to certain conversations between him and Mr. McMeekin as to this shipment of cotton seed was competent. The defendant is bound by the admission of its agent when made in his line of duty. This exception is, therefore, overruled.

We will next consider the sixth ground of appeal. The testimony here referred to was purely cumulative and did no harm to the defendant. It is overruled.

We will next notice the seventh ground of appeal. The testimony of Mr. Moss that he had heard of stealing from the defendant's cars in Columbia, S. C., could work no real disadvantage to the defendant. It is, therefore, overruled.

We will next consider the eighth ground of appeal, also the ninth. These grounds of appeal relate to the charge of the magistrate to the jury. We find in the "Case" no reference to the charge of the magistrate and nothing from the Circuit Judge in regard thereto. The only reference to them is in the grounds of appeal themselves. We call to the attention of counsel that this Court has frequently held that we cannot consider facts set out in the exceptions alone. *State* v. *Levelle,* 36 S. C., 600, 15 S. E., 380; *Rucker* v. *Smoke,* 37 S. C., 377, 16 S. E., 40; *Lites*

v. *Addison,* 27 S. C., 226, 3 S. E., 214, and many other cases. These exceptions are, therefore, overruled.

We next pass upon the tenth ground of appeal. There was evidence that cotton seed were lost out of this car by the Southern Railway Co. Magistrate did not err as here pointed out. This ground of appeal is overruled.

Finally, we will dispose of the eleventh ground of appeal. We do not think that the Magistrate erred as here pointed out. The testimony was before the jury, and the jury alone could settle the issue. Finally, we remark that under section 368, of the second volume of our Code of Laws, it is required that the "Appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not effect the merits." We have no doubt that the Circuit Judge was duly mindful of this provision of our laws when he rendered his judgment herein.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is, affirmed.