## TOWN OF BRUNSON v. YOUMANS.

1. EXCEPTION.—This Court will not consider matter sought to be reviewed which does not appear elsewhere in the record than the exception.

2. ORDINANCES.—The rule in this State is that an ordinance cannot be set aside for mere unreasonableness, but for lack of power in municipality to pass it, or if it violates the State or Federal Constitution. Evidence tending to show condition of other lots in the town in which hogs are kept cannot aid in determining if the municipality had power to pass the ordinance, nor in showing inequality or discrimination in the ordinance.

Before GARY, J., Hampton, June, 1906.   Affirmed.

Indictment against P. B. Youmans by town of Brunson for keeping hogs within town limits. Defendant appeals from order of Circuit Court affirming judgment of town council.

*Mr. Julius P. Youmans,* for appellant, cites: 48 S. C., 582; 63 S. C., 179; 66 S. C., 37, 194; 45 Ill., 90; 78 Ill., 405; 1 Dill., 327; Abbott, 1360, 1312, 1313; 21 Ency., 985, 989; 115 U. S., 661; 152 U. S., 137; 164 U. S., 550.

*Mr. W. B. deLoach,* contra, cites: 48 S. C., 582; 33 S. C., 61.

February 13, 1907.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The judgment of the Circuit Court should be affirmed for these reasons:

1. It is well settled that this Court will not consider a matter sought to be reviewed which appears nowhere in the record, except in the exceptions. *Lites* v. *Addison,* 27 S. C., 229; *State* v. *Levelle,* 36 S. C., 601, 15 S. E., 380; *Ragsdale* v. *Southern Ry.,* 72 S. C., 125, 51 S. E., 540; *Chitty* v. *Ry. Co.,* 62 S. C., 527, 531, 532, 40 S. E., 944.

We find nowhere in the case, outside the exceptions, that the intendant refused to allow testimony as to the condition of other lots in which hogs were kept in the town of Brunson.

2. But assuming that such testimony was excluded, there was no reversible error of law. The law in this State is that an ordinance cannot be set aside by a Court for mere unreasonableness, since questions as to the wisdom and expediency of a regulation rest with the law-making power. Whether a particular regulation lies within the *power* of a municipality is a judicial question, but whether a regulation within the power of a municipality is unreasonable, is not a judicial question. In considering the validity of an ordinance, the real question, therefore, is whether the municipality had power to pass it, whether it violates some constitutional principle, State or Federal. Hence the rule in State and Federal Courts that an ordinance may be declared invalid when it is *so* unreasonable and oppressive in its operations as to warrant an inference that it violates some right guaranteed by the Constitution. *Darlington* v. *Ward,* 48 S. C., 582, 26 S. E., 906; *State* v. *Earle,* 66 S. C., 303.

We are unable to see how testimony which was only designed to show the condition of other lots than that of defendant could be a material circumstance in determining whether the town of Brunson had the power under statute and constitutional law to forbid the keeping of hogs within the corporate limits within one hundred and twenty-five yards of a dwelling house in which persons live, and provide punishment therefor. Whether such particular lots were large or small, low or high, sand or clay, drained or undrained, wooded or cleared, cultivated or uncultivated, clean or unclean, would constitute no test of the power of the municipality to pass the ordinance in question. In *Darlington* v. *Ward, supra,* a conviction under an ordinance of the town of Darlington, making it unlawful to keep any hog within the town, was sustained and the ordinance declared to be

within the power of the municipality, notwithstanding the defendant kept a single hog in a two acre lot kept clean.

If the object of the testimony was to show inequality and discrimination by proving that others in the town kept hogs therein and were not prosecuted, that would merely go to show neglect of duty on the part of officials and not inequality or discrimination in the ordinance.

3. We do not regard the ordinance invalid under any of the objections raised in the exceptions.

The judgment of the Circuit Court is, therefore, affirmed.

MR. CHIEF JUSTICE POPE *did not sit in this case.*