7386

## TOWN OF SENECA v. COCHRAN.

CITIES AND TOWNS—FIRE LIMITS—ORDINANCES—CONSTITUTIONAL LAW.— An owner of a house within the fire limits of a town, whose ordinance provides that all repairs to the roof of any buildings within the fire limit shall be made with slate, etc., does not violate the ordinance by closing a few leaks in a shingle roof, previously built, by taking out a few defective shingles and putting in new ones. If the ordinance should be construed to prohibit such repairs, it would be unconstitutional as controlling the use and enjoyment of private property to an extent not necessary to the public welfare.

Before DeVore, J., Oconee, December 5, 1908. Affirmed.

Indictment by Town of Seneca against G. B. Cochran. From Circuit order reversing judgment of Town Council the town appeals.

*Mr. E. S. Herndon,* for appellant, cites: *Town Council has power to make an ordinance establishing fire limits:* 13 L. A. R., 484; 84 Cal., 127; 98 Ill., 305; 100 Id., 580; I Dill. Mun. Corp., sec., 405; 29 L. Ann., 651; Wood on Nuis., sec. 741; 55 Am. R., 336; 28 Am. Dec., 188; 123 Mass., 372; 4 T. & C., 256; 40 Conn., 478; 54 Miss., 659; 105 Ind., 542; 98 Ill., 305; 35 Ark., 352; 117 Pa., 326; Code, 1902, 1957. *Reasonableness of an ordinance, not violative of a statute, is not for the Courts:* 48 S. C., 583; 74 S. C., 209; 12 L. R. A., 153. *Such ordinances are necessary for the public welfare:* 38 Am. R., 89; 12 L. R. A., 153; 100 Ind., 580. *Such ordinances are constitutional:* 13 L. R. A. (N. S.), 741; 173 U. S., 32; 72 Cal., 125; 123 U. S., 665; 45 L. R. A., 435.

*Mr. J. R. Earle,* contra, cites: *The ordinance does not prohibit the repairs in question:* 15 Ency., 1171, 1173; 6 S. E., 13; 14 S. E., 387; Dill. on Mun. Corp., sec. 338.

November 25, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The town council of the town of Seneca passed the following ordinance on 2d April, 1908:

Sec. 1. "That the fire limits be, and they are hereby established in the town of Seneca on lots numbered 1 to 46 inclusive.

Sec. 2. "That within said limits no new house shall hereafter be built of wooden material; nor any additions, rooms, porches or piazzas, nor additions of any kind shall be built of wood to any house now standing within said fire limits. *That all repairs to the roof of any building within the said*

*fire limits shall be with slate, tin, metal, zinc or gravel or some other non-inflamable material.*

Sec. 3. "That all buildings hereafter erected within said fire limits shall be of brick, stone or cement and covered with slate, tin, metal, zinc, gravel or some other non-inflamable material.

Sec. 4. "That all applications for building permits within said fire limits shall be submitted to the town council for its approval for any such buildings within said fire limits, before such buildings or repairs shall be begun.

Sec. 5. "Any person violating any section of this ordinance shall be guilty of a misdemeanor and upon conviction shall be punished by a fine or imprisonment at the discretion of the mayor or alderman within the limits of his or its authority."

This ordinance was passed under the authority conferred by section 1957 of Civil Code, which provides: "Hereafter, the town council of every town in this State between five hundred and one thousand inhabitants shall have the power and authority to equip and control a fire department for the protection of said town in such a way as they may deem necessary, and by ordinance to establish fire limits and provide for building permits in said town, and to prescribe and designate the kind and character of material to be used in erecting and repairing buildings or structures within and upon that portion of said town included within such fire limits."

The defendant was tried before the mayor and a jury on the charge of violating the ordinance "by repairing a roof inside the fire limits with inflamable material and without having a permit to do such repairs." He was convicted and sentenced to pay a fine of thirty dollars or work on the streets for thirty days. On appeal, the Circuit Court reversed the judgment, and the town of Seneca appeals to this Court.

Two questions were argued: First, did the work which the defendant had done on his roof fall within the ordinance; and second, if it did, was the ordinance constitutional? We think the first question must be answered in the negative; and that is, of course, conclusive of the case.

The Circuit decree contains the following findings of fact supported by evidence and, therefore, not subject to review: "It appears from the testimony that the defendant desired to stop some leaks in the roof of his building and applied to the municipal authorities for a permit, but they refused the permit unless non-combustible material was used. The building was already covered with wooden shingles. Thereafter the defendant proceeded to stop the leaks and used wooden shingles. It appears from the testimony that this was all the work done on the building. It further appears that the work done would not increase the fire risk, but on the contrary would diminish it." The presumption is, that the town council of Seneca intended to pass an ordinance consistent with constitutional right of property owners, and reasonable and fair rather than oppressive in its operation. The purpose of the ordinance was to prevent destruction of property by fire, as far as that could be accomplished without interfering with the reasonable enjoyment of the property to which its provisions applied. It is true, that the portion of the ordinance which we have italicized, as that mainly involved, is broad in its terms; but, bearing in mind the purpose in view, the words "all repairs" should be limited to mean such repairs as affect the fire risk. The substitution of a few new wooden shingles for a like number of old ones, in order to stop leaks, could not affect materially the fire risk; and the words of the ordinance should not be given a construction so narrow as to cover such substitution.

But if the section of the ordinance relating to the repair of the roofs was meant to forbid the use of a few new shingles to replace old ones in order to stop leaks, it would

be unconstitutional, in that it would be an attempt to control the use and enjoyment of private property to an extent not necessary to the public welfare—not reasonably appropriate to the protection of property from destruction by fire. Town of *Brunson* v. *Youmans*, 76. S. C., 56 S. E., 651: *Kirk* v. *Board of Health*, 83 S. C., 372. The argument that under this conclusion a property owner could evade the ordinance and completely rebuild a wooden roof by gradually substituting new shingles, is not sound. Upon proof of such method of evasion, the case would clearly fall under the ordinance, and the offender could claim no protection under the constitution.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.