## 11025

### HOUSTON v. TOWN OF WEST GREENVILLE

#### (120 S. E., 836)

1. CONSTITUTIONAL LAW—EMINENT DOMAIN—MUNICIPAL CORPORATIONS
   —ORDINANCE CLOSING STREET UNCONSTITUTIONAL.—An ordinance of
   the town of West Greenville, purporting to authorize the closing of
   a street, *held* to violate Const. U. S. Amend. 14, and Const. S. C.
   Art. 1 §§ 5, 17, prohibiting the taking of private property without
   just compensation or without due process, and the town is liable

---

NOTE: On liability of municipality or other public corporation on
*ultra vires* contract, see notes 27 L. R. A. (N. S.), 1124 and 46 L. R. A.
(N. S.), 921.

to a property owner for damages caused by the closing of the street, in view of Civ. Code, 1912, §§ 2946, 2951, 2994, and 3065.

2. MUNICIPAL CORPORATIONS—CONTRACT TO CLOSE STREETS ULTRA VIRES. —A contract between a municipality and a railroad, purporting to require the municipality to close certain streets and the railroad to open others is against public policy, ultra vires, and will not prevent the municipality from exercising its police power in the future.

Before MEMMINGER, J., Greenville. Reversed and remanded.

Action by R. E. Houston against the Town of West Greenville and others. From an order sustaining a demurrer to the complaint, the plaintiff appeals.

For former appeal see 116 S. C., 248.

The complaint was as follows:

1. The defendant town of West Greenville is a municipality duly incorporated on March 13, 1914, under the laws of South Carolina, as a town having more than 1,000 and less than 5,000 inhabitants, and is subject to the laws of said State applicable to towns of that class. The defendant Southern Railway Company is a railway corporation created and existing under the laws of Virginia, and operates a line through Greenville County in said State. The defendant Walker D. Hines, the Director General of Railroads, is now operating said railroad for the United States of America, and is made a party defendant by reason of that fact.

2. Prior to the time of the wrongs hereinafter complained of, the Southern Railway Company operated a railway track on its right of way through the town of West Greenville, and said track crossed Pendleton Street and Woodside Avenue at grade. These two streets were the principal streets of the town, and the principal business sections of the town were situated thereon near their points of intersection with the track of Southern Railway Company. There were a number of stores on both sides of Woodside Avenue near

where it crossed said track, and rentals thereon were higher than on any other street in the town. This avenue ran through the center of the town, and was the main and only thoroughfare by which persons traveling from and through the town reached the populous village of Woodside Mills and points beyond, and by which persons from said village or points beyond reached the city of Greenville. For more than 20 years this avenue had existed as a public street or highway, and appears as such on a plat of said town which it placed on record in the office of the register of mesne conveyance for said County.

3. Prior to the time of the wrongs hereinafter complained of plaintiff was and still is the owner in fee simple of two lots of land on Woodside Avenue, one within the corporate limits of said town, and the other just outside said limits and in Greenville County, the former having a frontage of 250 feet on Woodside Avenue, and the latter having a frontage of 56 feet on same. The former lot immediately adjoins the western line of the right of way of the Southern Railway Company, and the latter lot immediately adjoins the eastern line of said right of way; so that, in order to pass from one of said lots to the other, it was only necessary to cross said railway's 200-foot right of way by means of Woodside Avenue. Upon both of these lots plaintiff built substantial buildings for stores, from which he was receiving about $250 per month rent; said stores being the most desirable locations in said town or vicinity.

4. On the 12th day of May, 1916, the town of West Greenville, acting through its Town Council, at a special meeting called for that purpose, at the request and instigation of the Southern Railway Company, without notice to the property holders who were vitally interested, and without regard for the interest of plaintiff and other property owners, and the interest of the municipal public, passed a certain ordinance for the permanent closing of Pendleton Street and Woodside Avenue at the points where they crossed the

right of way of the Southern Railway Company, a copy of which ordinance is hereto attached and made a part of this complaint. The object of this ordinance was to permanently close up these two streets at the points where they crossed the railroad right of way and substitute a new street across the right of way at an entirely different point by an underpass.

5. Thereafter the said defendants did unlawfully, fraudulently, willfully and in conscious disregard of plaintiff's rights, and without permission of the Supervisor of Greenville County, who has jurisdiction over the highways of said County, completely and permanently close up said streets at the points indicated, and the Southern Railway Company has graded across said streets on its right of way and built some 10 or more railroad tracks across same.

6. By reason of the wrongful, fraudulent, arbitrary, and willful acts of the said defendants as aforesaid and of the defendant Walker D. Hines in jointly with the Southern Railway Company continuing said obstructions, the principal business section of the town has been ruined, the great tide of traffic and travel which formerly flowed by the plaintiff's property has been artificially diverted to another street, the value of the plaintiff's property has been damaged almost to the point of destruction, and his right of ingress and egress along Woodside Avenue interfered with and denied. From one of plaintiff's lots to the other is a distance of only 200 feet along Woodside Avenue, yet he must now pass out of one *cul-de-sac,* then along a new street, and into another *cul-de-sac,* a distance of about one-half mile, in order to get from one lot to the other. All of which is to plaintiff's damage in the sum of $25,000.

7. The charter of the town of West Greenville conferred no power upon it to close these streets, and the ordinance was an unnecessary, unreasonable, fraudulent, arbitrary, and oppressive invasion of the right of the plaintiff and the citizens of said town; it was passed by the town council

at the instigation of the Southern Railway Company, for pecuniary benefit of the town, the railway company, and certain property owners, and not for the public good; and the property of plaintiff has been damaged and taken without compensation, in violation of the Constitution and laws of South Carolina and the United States of America.

Wherefore plaintiff prays judgment against the defendants in the sum of $25,000, and for an injunction restraining the defendants from continuing the obstruction of Woodside Avenue.

The ordinance referred to in the opinion follows:

Whereas, Southern Railway Company proposed to utilize its present right of way through the town of West Greenville, S. C., by constructing thereon additional tracks, not less than ten where the same is now crossed by Woodside Avenue and not less than eight where the same is now crossed by Pendleton Street; and

Whereas, the use of said streets at the crossings mentioned, after such construction shall have been completed, would be attended with serious danger to the citizens of the said town and others; and

Whereas, Southern Railway Company proposes and agrees to open a new street leading from Pendleton Street near Smith Street, crossing the right of way of Southern Railway Company by an underpass at a point between the present grade crossing of Woodside Avenue and Pendleton Street, extending across Liberty Street and connecting with Woodside Avenue at the intersection of Donwood Street, said street to be sixty feet wide approximately as indicated by red line on plat, over and across property owned or to be acquired by the railway company; and to open up Liberty Street from its intersection with Pendleton Street approximately parallel with said right of way, to its intersection at or near underpass with new street proposed to be opened, said street to have a width of forty feet; and

Whereas, said changes and developments will amply and safely accommodate all passage over said streets; and

Whereas, Southern Railway Company proposes and agrees to pave the roadway of said new street, leading from Pendleton Street, by the underpass, onto Woodside Avenue at Donwood Street, for a width of at least twenty feet, and providing sufficient room for the use of Southern Public Utilities Company's car lines; and to construct a concrete driveway in Liberty Street from Pendleton Street to the intersection of Liberty Street with said proposed new street at or near the said underpass; and to construct a concrete roadway twenty feet wide in Pendleton Street from the corporate limits of the city of Greenville to the point where the proposed new street leaves Pendleton Street, going in the direction of the underpass, said roadway to be constructed of the same material and in like manner as the work to be done by the highway commission of Greenville County in Woodside; and to widen Pendleton Street and Woodside Avenue and running to the southwest corner of Pendleton Street and Smith Street as now located; and to indemnify and save harmless the town of West Greenville from all damages and costs that may be recovered against it by any person on account of the closing, altering or changing of said streets as provided for herein; provided that notice and opportunity to defend any such action be given to the railway company. Said work proposed and agreed to be done by the railroad company shall be commenced within six months from date and completed within two years; during the progress of the work said street shall be kept open for traffic.

Now, therefore, in consideration of the premises, and upon compliance by the Southern Railway Company of the proposed undertaking on its part heretofore recited;

Be it ordained by the town council of the town of West Greenville, S. C., in meeting assembled, that that portion of Woodside Avenue between the southern limit of the right

of way of the Southern Railway Company, which is one hundred feet from the center of the track of said railroad as now located and the northern limit of said right of way which is one hundred feet from the center of the track of said railway as now located, be and the same is hereby closed.

Be it further ordained, that that portion of Pendleton Street between the southern limit of the right of way of Southern Railway Company which is one hundred feet from center of the track of said railroad as now located and the center of the said track where Pendleton Street now crosses the same, be and the same is hereby closed.

Be it further ordained, that that portion of Pendleton Street lying between the center of the track of said railway company as now located and the junction of said Pendleton Street with Liberty Street on the north side of said railroad, be and the same is hereby closed.

Be it further ordained, that the provisions and conditions of this ordinance shall be mutually binding upon the town of West Greenville and Southern Railway Company, and it shall have the force and effect of a contract between the respective parties as fully and completely as it were drawn in that form and signed by the contracting parties; that the mayor and clerk of the town of West Greenville are hereby authorized and instructed upon the passage of this ordinance to execute duplicate copies thereof to which shall be attached the corporate seal of the town of West Greenville, and to deliver one of said copies so signed and sealed to Southern Railway Company, and accept the other one signed and sealed by Southern Railway Company, and to cause the same to be properly acknowledged and recorded according to law.

Be it further, that all ordinances or parts of ordinances inconsistent herewith are hereby repealed and this ordinance shall take effect and be imposed from and after the date of its acceptance.

' Done and ratified in council assembled under the corporate seal of the town of West Greenville, South Carolina, this the 12th day of May, A. D. 1916.

*Messrs. Wm. G. Sirrine* and *Stephen Nettles,* for appellant, cite: *Ordinance before the Court:* in 106 S. C., 307; 116 S. C., 248. *Town has authority to close dangerous street:* 107 S. C., 404; 107 S. C., 406; 88 S. C., 475. *Powers of town of this class:* 1 Civ. Code, 1912, Sec. 2946, 2951, 2994, 3065; 106 S. C., 307; 92 S. C., 130; 42 S. C., 293. *No power to vacate or close streets:* 22 So., 692; 51 S. E., 481; 35 S. W., 120; 12 Gray, 209; 26 Atl., 939; 75 N W., 404. *Ordinance ultra vires:* 117 N. E., 81; 58 N. W., 369; 51 S. E., 481; 22 L. R. A., 393; 35 S. W., 120; 27 A. & E. Enc. L., 113; 28 Cyc., 948. *Ordinance is ministerial act and subject to attack:* Dillon Mun. Corps., Secs. 580, 778, 780; McQuillin Mun. Corps., Sec. 704; 19 R. C. L., 904; 28 Cyc., 375-6; 43 L. R. A., 678; 2 L. R. A. (N. S.), 152. *Ordinance void as conditional:* 50 Atl., 451. *Plaintiff has special property in street:* 67 S. C., 515; 59 S. C., 578; 81 S. C., 312; 1 McC. L., 67; Elliott Railroads, Sec. 1085; 13 R. C. L., 119. *Closing of street on same block is special injury:* 30 L. R. A. (N. S.), 637; 82 Atl., 1035; 80 Pac., 633; 29 Arl., 594; 118 S. W., 318; 38 Atl., 482; 83 Pac., 316; 90 Atl., 983; 106 Pac., 1128; 51 So., 755; 94 N. E., 840; 42 N. E., 178; 108 N. W., 480; 80 N. E., 573; 52 So., 261; Elliott Railroads, Sec. 1986; Lewis Em. Dom., Sec. 227; McQuillin Mun. Corps., Sec. 1408-9

*Messrs. Bonham & Price* and *H. P. Burbage,* for respondents, cite: *Courts will not inquire into motives of legislative bodies:* 28 Cyc., 375; 113 U. S., 702; 52 L. R. A., 392. *Plaintiff is not abutting owner and had no property right in street:* 110 S. C., 324; 48 S. C., 553; 51 So., 327; 139 N. W., 652; 111 N. W., 140; 15 Ann. Cas., 685; 116 N. W., 955; 5 Atl., 199; 132 N. W. Supp., 607; 120 Pac., 886; 52 L. R. A. (N. S.), 891; 61 Mass., 254; 11 Gray,

26; 54 N. J. L., 462; 40 Io., 576; 45 Io., 278; 6 Am. Rep., 60; 10 R. I., 341; 101 N. Y., 411; 7 Cash, 254; 43 N. Y., 399; 55 N. Y., 486; 38 N. E., 501; 17 N. W., 405; 72 N. W., 161; 101 Atl., 239. *Street or alley may be vacated:* 48 So., 365; Ann. Cas. 1916, 231; 67 S. E., 989; 46 So., 139; 30 L. R. A. (N. S.), 640; 116 N. W., 955. *Court should not permit inquiry into motives for passing ordinance which it has approved:* in 106 S. C., 307; 114 S. W., 237; 147 Pac., 259; 94 Pac., 594; 84 N. E., 646; 154 Ill. Ap., 578; 14 L. R. A. (N. S.), 787; 89 N. E., 853; 109 Pac., 1067.

December 22, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This is an action brought against the town of West Greenville and Southern Railway Company, for damages alleged to have been sustained by plaintiff, by reason of the closing of the street on which plaintiff's property abuts. It was commenced in the Court of Common Pleas for Greenville County, in November, 1919. The defendants answered, and the case was set down for trial at the November term, 1920. Upon the call of the case the defendant Southern Railway Company, in pursuance of notice to that effect, demurred to the complaint as not stating facts sufficient to constitute a cause of action against said defendant. The trial Judge sustained the demurrer, whereupon plaintiff appealed. This Court confirmed the judgment below on the demurrer. The case is reported in 116 S. C., 248; 107 S. E., 902.

"The case was again set down for trial, before Judge R. W. Memminger and a jury, at October term, 1921. Upon the call of the case the defendant town of West Greenville, in pursuance of notice to that effect, demurred to the complaint as not stating facts sufficient to constitute a cause

of action.  The trial Judge sustained the demurrer, and this appeal is from the judgment entered on said order.

"The demurrer was argued with the ordinance of the town of West Greenville, a copy of which was attached to the complaint and considered as a part of the complaint for the purpose of passing upon the demurrer."

The grounds upon which the respondent demurred to the complaint are as follows:

"(1) It appears upon the face of the complaint that the street in question was closed by the town council of West Greenville acting within their powers as a municipal corporation.

"(2) It appears upon the face of the complaint that the plaintiff has not suffered any damage peculiar to himself, and different in kind, though not in degree, from that suffered by the public generally.

"(3) It appears upon the face of the complaint that the plaintiff's property, claimed to have been damaged by the closing of the street in question, does not abut upon the portion of said street vacated, as alleged.

"(4) That admitting all the facts in the complaint, the issue has already been decided against the plaintiff, by the Supreme Court of South Carolina."

At the close of the argument his Honor, the Circuit Judge, in a mere formal order, sustained the demurrer, and dismissed the complaint.

The plaintiff appealed upon the following exceptions:

"(1) That his Honor erred in not overruling the demurrer of the town of West Greenville to the plaintiff's complaint, and in dismissing the Complaint, and in failing to hold that said complaint set out a good cause of action against said defendant, for the following reasons:

(a) The ordinance under which Woodside Avenue was closed was not a legislative exercise of the municipality's police power, but on the contrary a mere exercise of its

ministerial or administrative powers in making a business contract.

"(b) Said contract was unlawful and void because it was an attempt by the municipality to barter away its right to close streets in return for the opening of other streets by the Southern Railway Company.

"(c) The ordinance being based on an unlawful and void bargain between the town of West Greenville and Southern Railway Company is itself void, and the town of West Greenville is liable to plaintiff for such damage as he sustained by reason of the acts of the town of West Greenville done under said ordinance.

"(d) The acts of the town of West Greenville in obstructing and closing Woodside Avenue constituted an unlawful and unconstitutional invasion of plaintiff's rights as an abutting property owner, entitling him to damages.

"(e) The complaint stated a cause of action against the town of West Greenville for unlawful street obstruction resulting in a special and peculiar damage to plaintiff as an abutting property owner.

"(f) The damage to plaintiff consequent upon the closing of Woodside Avenue was a taking of property within the meaning of the State and Federal Constitution, entitling him to damages.

"(g) It was unlawful for the town of West Greenville to close Woodside Avenue under the facts set forth in the complaint and admitted by the demurrer."

The complaint and the ordinance (which is made a part thereof) will be reported.

In order to discuss, understandingly, the powers which the respondent was authorized to exercise, we quote the following provisions in sections of the Code of Laws of 1912:

Section 2946: "The said city or town council shall have full power to make, ordain and establish all such rules, by-laws, regulations and ordinances respecting its roads,

streets, markets, police, health and order of said city or
town, as shall appear to them necessary and proper for the
security, welfare and convenience of the said city or town,
or for preserving the health, peace, order and good govern-
ment within the same.    *   *   *   "

Section 2951: "The said city or town council shall have
power, and it shall be their duty, to keep in good repair
all the streets, ways and bridges, within the limits of said
city; and for such purpose they are invested with all the
powers, rights and privileges within the limits of said city
that are now given or that may hereafter be given to the
County Board of Commissioners of the several Counties
of this State, as to the public roads.    *   *   *   "

Section 2994: "The city councils and town councils of
the cities and towns of the State shall, in addition to the
powers conferred by their respective charters, have power
and authority to make, ordain and establish all such rules,
by-laws, regulations and ordinances respecting the roads,
streets, markets, police, health and order of said cities and
towns, or respecting any subject as shall appear to them
necessary and proper for the security, welfare and con-
venience of such cities and towns, or for preserving health,
peace, order and good government within the same.    And
the said city or town councils may fix fines and penalties
for the violation thereof, not exceeding one hundred dollars'
fine or thirty days' imprisonment: Provided, that such rules,
by-laws and ordinances shall not be inconsistent with the
laws of this State."

Section 3065: Whenever the mayor and aldermen of any
city or the intendent and wardens of any town in this State
shall think it expedient to widen, open, lay out, extend or
establish any street, alley, road, court or lane, they shall
have power to purchase the lot, lots or parts of lots of land
necessary for such street, alley, lane, road or court, and
the fee simple of said land shall be vested in said city or

town for the use of the public from the day of the deed of sale."

It appears upon the face of the ordinance, that the municipality undertook, not only to exercise its power of police, but likewise to enter into a contract with the Southern Railway Company.

In so far as the ordinance conformed to the requirements of law, it was a protection to the municipality, in the exercise of its power of police; but it was not allowed to violate Article 1, § 17, of the State Constitution, which provides, that "private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor," nor Article 1, § 5, of that Constitution which provides, "Nor shall any person be deprived of life, liberty or property without due process of law;" nor the Fourteenth Amendment of the Federal Constitution which provides, "Nor shall any State deprive any person of life, liberty, or property, without due process of law."

The following decisions show that the ordinance is in violation of the said Constitutional provisions and subjected the town of West Greenville to liability for damages to the plaintiff: *State v. Earle,* 66 S. C., 194; 44 S. E., 781. *Railroad v. Burton,* 67 S. C., 515; 46 S. E., 340. *Town of Brunson v. Youmans,* 76 S. C., 128; 56 S. E., 651. *Faust v. Richland County,* 117 S. C., 251; 109 S. E., 151.

In so far, however, as the contractual relations between the defendants are concerned, the municipality did not have the power to enter into them. The ordinance in this respect is against public policy, *ultra vires,* and does not prevent the municipality from exercising its power of police, in the future, just as if no contractual relations with the Southern Railway Company had been attempted.

The authorities cited by the appellant's attorneys fully sustain the proposition that such contracts are against public policy, and therefore void.

Reversed and remanded for new trial.

MESSRS. JUSTICES FRASER and MARION concur.

MR. ACTING ASSOCIATE JUSTICE SHEPPARD concurs in the result.

MR. JUSTICE COTHRAN, disqualified.