## FRICK & CO. v. WILSON.

1. REFUSAL OF NEW TRIAL—APPEAL.—This court cannot review an order of the Circuit Judge refusing a new trial on the facts as found by the jury.
2. CHARGING JURIES—ACCEPTANCE OF GOODS.—The trial judge correctly charged the law as to the liability of defendant, where goods received did not come up to the contract. If more specific instructions were desired, they should have been requested.
3. COMPROMISE AGREEMENT.—EVIDENCE of an unsuccessful effort at compromise of the pending suit was properly excluded.

Before WALLACE, J., Hampton, October, 1891.

Action of claim and delivery by Frick & Co. against R. R. Wilson. The judge charged the jury as follows:

It appears that the defendant sent to Frick & Co., through their agent here, an order for an engine; the order containing the description of such engine as he desired, the price for which was also specified, I suppose, in the order. The engine, or two engines, in response to that order, was sent to this county to the defendant. The engine was taken to where he desired it to go, and it was set up, but before it was put to work he executed notes for the purchase money and a mortgage to secure the notes. Now, it appears it is alleged that the purchase money has not been paid, and this action is brought in the interest of the plaintiffs to recover back the engine and fixtures that have been delivered to the defendant.

Now, when a chattel mortgage (that is, a mortgage of personal property), a mortgage of an engine and boiler and attachments, is made as a security for the purchase money, and the purchase money is not paid at the time it is due, the right to the possession accrues to the holder of the mortgage, and he has a right to bring his action for the recovery of the personal property. He has a right to the possession of it, and therefore this action is brought.

The defence on behalf of the defendant is, that the engine sent is not in conformity to the order that he had signed; nevertheless he took it and used it. Now, if a contract in regard to personal property is not fulfilled according to its purport by the seller, or if for any reason it does not come up to the stipulations of the contract, then the purchaser has a right to return it and rescind the contract, or he has a right to keep it and use it; but he is not bound by the original contract, he is only bound by what it is really worth. Where the seller has not sent what he ought to, when he keeps it he is bound by what it is worth. Take this case: the defendant says the engine is not the engine that he ordered; he thereby alleges that the seller of the engine did not comply with his contract, but he concedes that he kept it anyhow, and used it. If that is the state of affairs; if you find from the preponderance of the testimony that that is the state of facts, then the contract in regard to the purchase and sale of the engine was not complied with upon the part of the plaintiff, and his contract according to its terms cannot be enforced; but there is an implied contract raised upon the acceptance and use of the engine by the man who buys it, and that implied contract is, that he will pay what it is worth.

If Frick & Co. sent the engine that was ordered, and it was accepted by the defendant here, then they have a legal right to demand from him, and the defendant would be required to pay the price he agreed to pay, and if he fails to pay, then, under the mortgage, would have to surrender the property. But if you find that Frick & Co. did not perform their part of the contract, then they cannot enforce the contract against the defendant here. But if the defendant took and used the property, then that will raise an implied contract that he will pay for that property what it is

worth.  If he has paid what it is worth, that is all under that debt, and it is his; if he has not, then Frick & Co. have the right to recover it back under the mortgage interest.  It is theirs, and as soon as there is anything due on the mortgage, or the note for which the mortgage is made to secure, Frick & Co. have the right to recover back their property.

If you find that Frick & Co. did not perform their contract, then he would have a right to recover against the defendant what it is worth, and if the amount has already been paid, then Frick & Co. is not entitled to recover anything.  If he has not paid what it is worth, then Frick & Co. have a right to recover back that property; notwithstanding he has paid some on it, it is Frick's till it is all paid.  If Frick & Co. sent him the engine that he ordered, then Frick & Co. have the right that he shall pay the money he agreed to; that he shall pay it at the time he agreed to pay it, and if he don't do that, then he has a right to recover back the property in this action.

*Mr. E. F. Warren*, for appellant.

*Messrs. W. S. Tillinghast* and *A. M. Youmans*, contra.

April 6, 1892.  The opinion of the court was delivered by

MR. JUSTICE McGOWAN.  The plaintiff, a corporation under the laws of Pennsylvania, alleged that the defendant had in his possession certain personal property, viz.: one 8 horse power Eclipse stationary engine, and one horizontal fire box boiler, &c., complete, the property of the plaintiff, and wrongfully detained the same to the damage of the plaintiff $300, and claims the delivery of the property, or $600, its value.  The defendant answering, averred that the plaintiff company agreed to sell the defendant for $700 an 8 horse power engine, and instead sent him a six horse power engine, and he, the defendant, has paid the value of said 6 horse power engine and owes the plaintiff nothing, &c.

The case came on to be tried before Judge Wallace and a jury.  There was a good deal of testimony *pro* and *con*, particularly as to the size, capacity, and power of the engine.  It seems that the

action had been brought in May, 1889, and on October the first thereafter (1889), while the action was pending, there was an effort to compromise the case, "which was to be stayed until the following October (1890). upon the following conditions, viz., that R. R. Wilson shall pay $200 cash, and the balance of the purchase money for the machinery in question on October 1, 1890, and in case of the failure of the defendant to make any one of the aforesaid payments, that the case should proceed as though the agreement had never been made," &c.   It seems that $200 was paid in cash, but for some reason the compromise failed, and the case proceeded.   The plaintiff offered to prove this attempt at a compromise ; the defendant objected to its competency, and the judge sustained the objection.   The jury found for the defendant, and the judge refused a motion for a new trial.

The plaintiff appeals to this court on the following grounds : 1. Because his honor erred in refusing to admit in evidence the instrument in writing (October 2, 1889), entered into by the plaintiff and defendant herein.   2. Because his honor erred in charging the jury in effect that if the plaintiff agreed to sell the defendant an 8 horse power engine, and plaintiff delivered to the defendant a 6 horse power engine, the defendant was only liable for the price of the property received by him, thereby misleading the jury ; whereas his honor should have added that the defendant was bound by his contract, unless he gave the plaintiff notice within a reasonable time that the property did not come up to contract.   3. Because his honor erred in refusing to set aside the verdict of the jury, in the face of the fact that there was not a particle of evidence to support the same.

As to the refusal of the judge to grant a new trial.   We have no doubt that he considered that there was enough, or at least some, evidence to sustain the verdict ; and that being the case, the matter is beyond our control.   This is so well settled that the citation of authorities is unnecessary.

We have read the charge carefully, and we fail to see wherein the judge charged "in effect" as alleged.   It seems to us that he charged the law correctly and with singular care ; but if as alleged, he omitted to charge properly as to the necessity of the defendant giving notice that the property did not

come up to contract, it was for the plaintiff or his attorney to call the matter to the attention of the judge at the time, and request him so to charge.

Then as to the refusal of the judge to admit in evidence the agreement made in the unsuccessful effort at a compromise. We do not think the judge erred in excluding the evidence.

3   The agreement, so called, cannot be considered in any sense as a new cause of action, but was purely *tentative*, providing by its own terms, that if the compromise failed, "the case should proceed, as though the agreement had never been made." Besides, it is the wise policy of the law, to allow nothing to be done which will tend to prevent compromises in litigation. As Lord Mansfield observed: "It must be permitted to men to buy their peace without prejudice to them, if the offer should not succeed; and such offers are made to stop litigation, without regard to the question whether anything is due or not. If, therefore, the defendant, being sued for £100, should offer the plaintiff £20, this is not admissible in evidence, for it is irrelevant to the issue. It neither admits nor ascertains any debt, and is no more than saying he would give £20 to be rid of the action," &c. "Propositions for a compromise made by a party to an action, *held* to have been properly excluded as testimony against him, it being the policy of the law to encourage compromises and not to discourage them by holding the party to his offer." *Chandler v. Geraty*, 10 S. C., 304.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.