## GIBBES v. McCRAW.

1. EVIDENCE.—A party cannot give oral evidence of an indebtedness set out in a written contract present in court, which alone gives him any knowledge thereof.

2. IBID.—COMPROMISE.—A letter offering to compromise a difference between parties was properly excluded on the trial.

Before ALDRICH, J., Spartanburg, February 6, 1895. Affirmed.

Action by W. H. Gibbes, jr., & Company against T. G. McCraw, for $188.75, for machinery alleged to have been bought by plaintiffs for defendant on his order, and paid for by plaintiffs. Commenced July 5, 1893. Nonsuit granted. Plaintiffs appeal.

*Mr. Ralph K. Carson,* for appellant.

*Messrs. Duncan & Sanders,* contra.

Sept. 19, 1895. The opinion of the Court was delivered by

MR. JUSTICE POPE. Plaintiffs sued defendant to recover $188.75, for goods sold and delivered, to be paid for on 1st November, 1891, alleging that the elevator included in the account for $185 was purchased by plaintiffs from the makers of the same for the defendant on his order, and that plaintiffs have paid the makers therefor. Defendant denies in his answer all the facts alleged in the complaint except that plaintiffs are partners.

The action came on for trial before Judge Aldrich and a jury at the February term, 1895, of the Court of Common Pleas for Spartanburg County. After plaintiffs closed their testimony, defendant moved for a nonsuit on the ground that there was no legal evidence to be submitted to the jury on which they could find a verdict. The Circuit Judge granted the nonsuit, and after judgment was entered thereon, the plaintiffs appealed upon the following grounds:

1. That his Honor erred in granting the motion for a nonsuit made by defendant's attorney, upon the ground that there was no legal evidence to be submitted to the jury on which they could find a verdict.

2. That the Circuit Judge erred in refusing to admit in evidence the letter from defendant to plaintiffs, dated November 10th, 1891, marked "Gibbes 3," or any part thereof, upon the ground that it contained an offer of compromise by the defendant.

3. That the Circuit Judge erred in ruling and holding that there was a difference between the parties, and that the letter, "Gibbes No. 3," was an offer to compromise the difference.

As to the first ground of appeal, it seems to us to be untenable in the light of the "Case," for there Mr. Gibbes very frankly admits that his knowledge of the indebtedness is based upon a certain contract in writing as the primary source thereof. This contract, although in Court, and exhibited to and identified by this witness as in his possession, is withheld from the Court and jury. Of course, it was incompetent for this witness to state an indebtedness set out in that written contract, which alone gave the witness any knowledge thereof. It is idle to waste words upon such a contention.

As to the second and third grounds of appeal, it seems to us that they are no longer material, in view of what we have said as to the first ground of appeal. The Circuit Judge did not hold that the letter marked "*Gibbes No. 3*" could not be introduced in testimony from its beginning down to the word "but." On the contrary, he held it was admissible *so far*. However, he declined to allow what was stated in that letter, from the word "but" to the close of the body of it, to be introduced, upon the ground that it was an offer of compromise made by McCraw to Gibbes & Co., and under the law governing such matters, it ought not to be admitted in testimony. The language objected to was as follows: "But I am willing to pay you

$175.   If you will accept, write me, and I will remit the amount, and oblige."    When it is remembered that a draft for $188.75 had been drawn by plaintiffs on defendant, which he declined to pay, and also that the reason the defendant gave for not paying the draft for $188.75 was that "The machinery that I bought of you has given me considerable trouble to make work, and I have had to make some changes on it; don't think you ought to charge me full price—will return draft;" it must be evident that in the offer of $175, the defendant proposes to adjust by mutual concession the dispute as to the amount due.

It seems to us that the Circuit Judge was not in error, as pointed out in these exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.