### 6831

#### STROUD v. COLUMBIA, NEWBERRY & LAURENS R. R. CO.

1. PRINCIPAL AND AGENT—RAILROADS—COMMUNICATED FIRES—EVIDENCE.
   —DECLARATIONS of an agent of two railroads at a junctional point, who has charge of the yards and depot, that a locomotive of one road went up the other on some local business the night before at a certain time, emitting sparks, is admissible against the railroad owning the locomotive in an action against it for value of property alleged to have been destroyed by fire from sparks thrown out by said engine. *Nelson* v. *Ry.*, 68 S. C., 462, and *Petrie* v. *R. R.*, 27 S. C., 63, *distinguished from this.*

2. CHARGE.—Statement of judge when ruling on admission of evidence, "If he does not know who that engine belonged to I do not know how anybody is ever to find out," is not a charge on the facts, nor does it tend to influence jury against appellant.

Before WATTS, J., Laurens, May, 1907.   Affirmed.

Action by Emma G. Stroud against Columbia, Newberry and Laurens Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. Wm. H. Lyles* and *Dial & Todd,* for appellant. *Messrs. Dial & Todd* cite: *Declarations of agent not competent:* 1 Green., sec. 108; 4 S. C., 153; 27 S. C., 64; 19 S. C., 373; 17 S. C., 514; 58 S. C., 70; 53 S. C., 451; 56 S. C., 145; 68 S. C., 304; 13 S. C., 463; 56 S. C., 369; 68 S. C., 463; 10 Ency. Ev., 569; 51 Pac., 286.

*Messrs. W. R. Richey* and *Ferguson & Featherstone,* contra, cite: *Admission of declarations of agent here proper:* Story on Ag., sec. 135; 6 Gray, 450; 112 Mass., 455; 116 Mass., 292; L. R. 9, Q. B., 468; 116 Mass., 177; 1 Ency., 691-3; 12 Rich., 634; 73 S. C., 241; 8 N. Y., 501; 49 Barb., 148; 77 N. Y., 304; 128 Mass., 221; 36 Ohio St., 659; 13 Ency., 510.

March 30, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. Emma G. Stroud brought her action in the Court of Common Pleas for Laurens County against the Columbia, Newberry & Laurens Railroad Company, alleging as her cause of action that the sparks of an engine of the defendant from one of its trains had ignited the dwelling-house wherein the plaintiff had about sixteen hundred dollars' worth of property, and that the fire so communicated destroyed the same. The defendant company, by its answer, admitted its incorporation as claimed in the complaint but denied the other facts therein stated.

The action came on to be heard in the Court of Common Pleas, in May, 1907, before Judge Watts and a jury. After hearing the plaintiff's testimony, the defendant declining to offer any, and the charge of his Honor, the jury returned a

verdict in favor of the plaintiff for seven hundred dollars; after judgment, the defendant appealed, alleging error on the part of the Circuit Judge in admitting certain testimony and also error in refusing defendant's motion for a new trial.

We will now notice the grounds of appeal in the order presented.

I. "Because the presiding judge erred, it is respectfully submitted, in allowing the witness, W. R. Richey, over defendant's objection, to testify to a conversation by witness with C. H. Gasque, agent of the defendant company, on the morning after the fire, to the effect that an engine belonging to the defendant company had run up the Greenville road, or up to the power-house or furniture factory, that night, throwing out many sparks. The error being that such statement or declaration of C. H. Gasque was not a part of the *res gestae* and not within the scope of his agency or authority, which was binding upon the defendant, and was hearsay and his Honor should have so held."

We should carefully notice the preliminary testimony, for thereby it is made to appear that Mr. C. H. Gasque was the agent of both the Columbia, Newberry & Laurens Railroad Company and also of the Charleston & Western Carolina Railroad Company, in the City of Laurens, South Carolina, and as such agent had charge of the yards and everything down there of the said two railroads. The defendant, on cross-examination, developed by testimony, that Mr. Gasque is the depot agent of the two railroads and looked after everything down there. Mr. Gasque, as said agent, was asked by Mr. W. R. Richey what engine passed from the joint depot up the Greenville branch on the night of October 20, at about 9 o'clock, and he replied that it was the engine of the Columbia, Newberry & Laurens Railroad Company. The exception here alleges error of the Circuit Judge in allowing a statement by Mr. Richey of what admission Mr. Gasque made; the defendant insists that the witness should

not have been allowed to testify as to the admission of Mr. Gasque, as agent, of the defendant railroad because it is not made to appear that he was present when the engine left the depot yard on the night of the 20th of October, 1905, but made this admission the next morning. The Circuit Judge held that it would be difficult to ascertain the fact as to the ownership of the engine in question if the agent of the railroad who had charge of the yard from which it was operated could not tell about the thing; there was no effort made to ascertain anything about the engine in its passage from the depot past the residence destroyed by the fire, but the admissions were confined to the ownership of the engine and that such engine did pass on the railroad alongside of the burnt building. It is true that the form of the question presented by Mr. Richey to Mr. Gasque contained a reference to the sparks flying from the engine as it passed along, but that admission was not important because it was abundantly testified that the engine that passed up about nine o'clock on the night of the 20th emitted sparks very freely. The importance of these admissions of Mr. Gasque was the identification of the engine itself; it was nowhere testified by witnesses that the said engine actually set fire to the house; any conclusion in that regard was left to the jury as an inference. It must be remembered that this was a corporation and could only speak through agents, and where such agent has control of the depot and yards around the same he was in position to represent the railroad company, so that any admissions such agent made touching engines owned by his principal and operating within the territorial limits of his agency would bind his principal. The declarations of Mr. Gasque to Mr. Richey, relating to the engine of the defendant so far as its identification and location were concerned, were within the scope of Mr. Gasque's agency. As was said in *R. R. v. Blake,* 12 Rich. Law, 634: "The admission of a party may always be given in evidence against him, and the president sufficiently represents his corporation to make his admission evidence against the company."

The mere fact that the agency was that of the presidency of a railroad cuts no figure in the discussion; any agent whose authority enables him to speak for his principal would be sufficient. In Story on Agency, Section 134, it is said: "And here it may be laid down generally that no representations, declarations or admissions by an agent will bind his principal except in cases within the scope of the authority confided in him, subject, however, to the same distinction of what notice has already been taken between a limited and a special agent. For where the acts of the agent would bind the principal, then his representations, declarations and admissions respecting the subject matter would also bind him."

As has already been stated, the defendant brought out the evidence establishing the fact that Mr. Gasque had charge of the defendant's depot, the depot grounds in which the engine in question was present the night of October 20, 1905. The Judge's charge, therefore, was based upon this condition of things. We do not see why such agent should not have represented his principal in stating that the engine in question was the property of the defendant. It seems necessary that there shall be liberality manifested by the courts in the admission of testimony identifying property of the railroads when such railroads possess full information regarding such property as engines and their operations. Besides, the cases relied upon by the appellant are not in point, because the admissions sought to be proved were the admissions of agents made after the accidents and touching matter not in the scope of the agency. We think the Circuit Judge made no mistake here; this exception is overruled.

II. "Because his Honor erred, it is respectfully submitted, in allowing the statement or declaration of C. H. Gasque, agent, over defendant's objection, when the witness W. R. Richey was on the stand, on the ground that such declaration or statement was not an admission of any liability of the road at all, but just an admission of fact of what engine it was; whereas, his Honor should have held that such state-

ment or declaration was an admission of liability, for the reason that it is the only testimony in the case that shows, or tends to show, that the engine that passed by the place where the fire occurred a short while before was an engine of the defendant company, and his Honor should have held that being so the statement or declaration was not a part of the *res gestae,* and not within the scope of Mr. Gasque's agency, and was hearsay, and, therefore, incompetent."

We can not accept the contention of the appellant that the declaration of Mr. Gasque, as agent of the defendant, admitted any liability to the plaintiff for the fire. It was only an admission of the identity of the ownership of the defendant of the engine. Therefore, we overrule this exception.

III. "Because his Honor erred, it is respectfully submitted, in remarking in the presence of the jury, when the witness W. R. Richey was on the stand, as follows: 'If he does not know, being joint agent and knowing the yard and having charge of everything, if he does not know who that engine belonged to, I do not know how anybody is ever to find out.' The error being that this statement was really a charge on the facts and also prejudicial to the defendant as indicating the leanings of his Honor, and thereby creating an impression in the minds of the jury favorable to the plaintiff."

We do not think that the language of the Circuit Judge used in this exception amounted to anything else than the admission of C. H. Gasque was to the identification of defendant's engine in question and that agents such as Mr. Gasque alone could tell to whom the engine belonged. Certainly the language of the Circuit Judge was not a charge upon the facts as forbidden by the Constitution of this State when it forbids any Circuit Judge to charge upon the facts, nor do we feel that the inference of the appellant that an impression was made upon the jury by such language is well founded. This exception is overruled.

IV. "Because his honor erred, it is respectfully submitted, in refusing defendant's motion for a new trial, on the

ground that it was error to allow the witness W. R. Richey to testify to the conversation had by him with C. H. Gasque, agent, the morning after the fire, to the effect that on the night of the fire an engine of the defendant company went up to the power-house or furniture factory, on the Greenville branch, and passed by the place of the fire, when such testimony was incompetent, for the reason that it was not a part of the *res gestae* and not within the scope of the agent's authority, and not binding upon defendant, and was hearsay, and his Honor should have so held."

As we read the record here, the appellant while making his motion for a new trial declined to argue the same. In the "Case" this is the reference to a motion for a new trial: "Mr. Dial: We don't care to argue the motion for a new trial, but we think your Honor was in error in allowing testimony as to the agency. The Court: I will let the Supreme Court decide that." But apart from all this, what has already been stated shows that these things were before the Court and no further argument was necessary to the mind of the Judge. We concur with him and overrule this exception.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS, *concurring.* I concur in holding the admissions of C. H. Gasque admissible against defendant. According to the testimony he was the agent of the defendant company and of the Charleston & Western Carolina Railroad Company, in charge of their business, depots and yards at Laurens. There was evidence tending to show the engine which probably set out the fire was being operated in the transaction of some local business and, therefore, was presumably under the direction of Gasque, agent in chage of the yards and local business.

In view of such evidence that the engine went up the road and by the property of the plaintiff in pursuance of Gasque's order, his declarations with respect to its movements were

strictly within the scope of his agency and authority. The case, therefore, does not fall within the rule stated in *Nelson* v. *Ry. Co.*, 68 S. C., 462, 47 S. E., 722; *Petrie* v. *R. R. Co.*, 27 S. C., 63, 2 S. E, 837, and other like cases which hold the declarations of an agent made outside the scope of his authority not to be admissible against the principal. *Crawford* v. *Ry. Co.*, 56 S. C., 136, 34 S. E., 80.