7169

TENHET v. ATLANTIC COAST LINE R. R. CO.

EVIDENCE—PAYMENT—PRINCIPAL AND AGENT—ISSUE.—A statement dur-
ing litigation pending on a claim that it had been ordered paid, if
made with a view to compromising the case, is not admissible, but if
it is a statement of a fact only it is admissible as tending to show
admission of liability of principal, if made by an agent within the
scope of the agency and within the scope of the matter then pending,
and whether the statement was within the scope of the agency is
for the jury.

Before SHIPP, J., Marion September, 1908.   Affirmed.

Action by J. N. Tenhet, against Atlantic Coast Line R.
R. Co.   From Circuit order affirming judgment of magis-
trate D. J. Oliver, defendant appeals.

*Messrs. Montgomery & Lide,* for appellant, cite: *Plaintiff
must show receipt of goods:* 5 Ency., 353.   *If no delivery
of freight is made, no presumption of receipt by carrier
arises:* 76 S. C., 310; 6 Cyc., 490; 77 S. C., 317.   *Offer of
compromise incompetent:* 28 S. C., 160; 36 S. C., 69. *Not
liable for penalty:* 78 S. C., 42; Code, 1902, 1710; 79 S. C.,
250; 78 S. C., 55; 79 S. C., 297.

*Mr. Jas. W. Johnson,* contra.   No argument furnished
Reporter.

April 15, 1909.   The opinion of the Court was delivered
by

MR. JUSTICE JONES.   The Circuit Court affirmed the
judgment of the magistrate court in this action for damages
for the alleged loss of one case of cigars, valued at $23.50,
while in the possession of the defendant carrier, and for the
fifty dollars penalty under the Act of February 23, 1903, 24
Stat., 81.

30—82

Appellant contends for a reversal on the ground that there was no testimony that the goods were lost while in the possession of the defendant. The complaint alleged that the goods had been delivered to the defendant and were lost while in its possession. The plaintiff failed to offer any evidence on the subject unless it be inferable from the following testimony by the plaintiff:

"I bought these cigars in Charlotte and ordered them shipped to me in Marion. I never received them. I filed a claim for them with the Atlantic Coast Line Railroad Company, with the agent of said road at Marion, S. C. Mr. Hand was the agent. The claim was handed to him January 16, 1907. He gave me a receipt which I now introduce in evidence (marked Exhibit 'B'). Mr. Hand was and now is agent at Marion railroad station. A. H. Shepard is freight claim agent of the A. C. L. Railroad Company. He passes upon claims and either orders them paid or rejects them.

"I was in Mr. Shepard's office two weeks ago, on or about August 5th inst. He and I had a talk about the claim sued on. He called Mr. Barnes, one of his clerks, who produced a paper, and said to Mr. Shepard, in my presence, this claim has been ordered paid several days. Mr. Shepard then said to me, 'Go home and get your money.' Some days later I saw Mr. Hand. He said the claim had been ordered paid. I had no other claim against the company at that time. No part of it has ever been paid."

Cross-examination. "After I heard that the claim had been ordered paid I never applied for the money. I think the goods were delivered to the Southern Railway Company at Charlotte, N. C. Mr. Shepard and Mr. Hand never said that the Coast Line Railroad Company had received the goods. I don't know of my own knowledge that any railroad received the goods. There is the bill of lading." (This bill of lading was not admitted in evidence.)

At the time of the alleged admissions, the suit was pending in the Circuit Court. If this proposition to pay the claim of $23.50 was made with a view to compromise the pending litigation, it was inadmissible and should have no probative force as it is the policy of the law to encourage compromises. *Chandler* v. *Gerarty,* 10 S. C., 308; *Frick & Co.* v. *Wilson,* 36 S. C., 69, 15 S. E., 331; *Gibbes* v. *McCraw,* 45 S. C., 184, 22 S. E., 790; *Robertson* v. *Blair & Co.,* 56 S. C., 104, 34 S. E., 11; *Norris* v. *Insurance Co.,* 57 S. C., 361, 35 S. E., 572.

But it does not appear with certainty that this was a proposition made in the spirit and confidence of negotiation for a compromise, and we cannot assume so. It seems rather to be a statement of a fact, that the claim as made had been ordered to be paid, and a direction to the claimant to go and get his money. If it was within the duty of Mr. Shepard to adjust freight claims and communicate with the claimant with reference thereto, his report of the claim as one ordered to be paid was some evidence to be submitted to the jury that the conditions for liability existed. The rule of law is that the admissions of an agent bind the principal if made during the agency and within its scope as to a matter then depending. *Meinhard* v. *Youngblood,* 41 S. C., 325, 19 S. E., 675; *Ragsdale* v. *Southern Railway,* 72 S. C., 124, 51 S. E., 540; *Crawford* v. *Railway,* 56 S. C., 144, 34 S. E., 80; *Stroud* v. *Railway,* 79 S. C., 452, 60 S. E., 963. See, also, *Lipscombs* v. *South Bound R. R. Co.,* 65 S. C., 156, 43 S. E., 678; *Southern Ry.* v. *Howell,* 79 S. C., 288, 60 S. E., 677.

Whether this particular matter was within the scope of the agent's employment at the time of the admission was a question for the jury. If plaintiff was entitled to go to the jury on the matter discussed, it was not improper upon the testimony to submit to them also the question as to the penalty.

The judgment of the Circuit Court is affirmed.